IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCOTT MICHAEL DITTMAR,<br>    Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. 19-CV-1537 |
| NORTHAMPTON COUNTY PRISON,<br>    Defendants. | : | |

## MEMORANDUM

**SLOMSKY, J.**                                                                                        APRIL 30, 2019

Plaintiff Scott Michael Dittmar, who is currently incarcerated at the Northampton County Prison, has filed this civil action pursuant to 42 U.S.C. § 1983 challenging the conditions of his confinement. His Amended Complaint is currently before the Court. For the following reasons, the Court will dismiss Dittmar's Amended Complaint for failure to state a claim with leave to file a second amended complaint.

## I.     FACTS AND PROCEDURAL HISTORY

Dittmar filed his initial Complaint pursuant to 42 U.S.C. § 1983 against the Northampton County Prison. He also filed a Motion to Proceed *In Forma Pauperis*. In an April 12, 2019 Order, the Court granted Dittmar leave to proceed *in forma pauperis* and dismissed his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim against the named Defendant, the Northampton County Prison. (ECF No. 5.) The Court explained that a "prison or correctional facility is not a 'person' that is subject to suit under federal civil rights laws." *Regan v. Upper Darby Twp.*, No. CIV A 06-1686, 2009 WL 650384, at *4 (E.D. Pa. Mar. 11, 2009), *aff'd*, 363 F. App'x 917 (3d Cir. 2010). Furthermore, although Dittmar listed "Department of Corrections Administration" and "Classification Department" as additional Defendants in the body of his Complaint, he also failed to state a claim against those entities

because departments or divisions of jails are likewise not "persons" subject to suit under § 1983. *See Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973) (per curiam).

Dittmar was given an opportunity to file an amended complaint, which he did.[1] His Amended Complaint identifies the Defendants as "Northampton County Prison Administration" and John Harmon, who appears to be an employee of the Classification Department. Dittmar raises claims based on allegations that: (1) he was placed on a top tier even though he is supposed to be "low bunk low tier" because he suffers from seizures; (2) he was placed in dry cell with no running water for 24 hours that smelled of urine and feces, where he was made to eat; and (3) his life and the lives of family members were threatened because he was housed with a gang member. (Am. Compl. at 3-4.)[2] Dittmar alleges that he asked to be moved because of the threats but that his requests were ignored. He also claims that he was disciplined for harassment for asking to be moved because of the condition of his health.

Dittmar claims to have suffered injuries in the form of "mental images and breakdowns of what this man [presumably the gang member] told [him] he would do to [his] son and the way he threatened to do it." (*Id.* at 5.) As relief, he seeks either $20,000 or $10,000 and release from prison.

## II.    STANDARD OF REVIEW

As Dittmar is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher*

---

[1] He also filed a second Motion to Proceed *In Forma Pauperis*, which the Court will deny as unnecessary because Dittmar has already been granted leave to proceed *in forma pauperis*.

[2] The Court adopts the pagination assigned to the Amended Complaint by the CM-ECF system.

*v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Dittmar is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A defendant in a civil rights action must have personal involvement in the alleged wrongs." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

There are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 135 S. Ct. 2042 (2015). First, a supervisor may be liable if he or she "'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)). "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional

3

conduct." *Id.* "[T]he level of intent necessary to establish supervisory liability will vary with the underlying constitutional tort alleged." *Id.* at 319.

If "Northampton County Prison Administration" is a division of the Northampton County Prison, it is not a "person" subject to suit under § 1983, so Dittmar cannot state a claim it. *See Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973) (concluding that a prison medical department was not a "person" for purposes of § 1983); *Regan v. Upper Darby Twp.*, No. CIV A 06-1686, 2009 WL 650384, at *4 (E.D. Pa. Mar. 11, 2009) (a "prison or correctional facility is not a 'person' that is subject to suit under federal civil rights laws"). If "Northampton County Prison Administration" refers to a group of individual people, Dittmar fails to provide sufficient allegations to determine who these individuals are and how they plausibly violated his rights. While it would be appropriate for Dittmar to identify defendants as "John Doe" or "Jane Doe" if he does not know their names, he is still obligated to explain how each individual he seeks to proceed against was personally involved in the violation of his constitutional rights, whether due to the official's own misconduct or the official's deliberate indifference to known deficiencies in a policy or procedure that violated his rights. It is not appropriate for Dittmar to sue all administrative officials at the prison—if this is what he is in fact attempting to do—unless each and every employee was personally involved in violating his rights. Dittmar has also failed to allege how Harmon was involved in the conduct alleged in the Amended Complaint, because he did not explain what Harmon did or did not do that would provide a plausible basis for a claim against him.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Dittmar's Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because he has not stated a plausible basis for a claim against any of the named Defendants. This dismissal will be without prejudice to Dittmar's right to file

4

a second amended complaint within thirty (30) days if he can cure the defects noted above.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).  Since the Court has dismissed the Amended Complaint, Dittmar's request to set a hearing for his case is denied without prejudice.  An appropriate Order follows.

BY THE COURT:

/s/ Joel H. Slomsky
JOEL H. SLOMSKY, J.
