IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| SCOTT MICHAEL DITTMAR,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>NORTHAMPTON COUNTY PRISON et. al,<br><br>　　　　　　　Defendant. | CIVIL ACTION<br>NO. 19-1537 |

**OPINION**

**I.   INTRODUCTION**

On April 10, 2019, Plaintiff Scott Michael Dittmar ("Plaintiff"), a pretrial detainee at Northampton County Prison ("NCP"), filed a Complaint against NCP pursuant to 42 U.S.C. § 1983 for alleged violations of his civil rights. (Doc. No. 2.) An Amended Complaint was filed on April 24, 2019. The Amended Complaint was dismissed in accordance with 28 U.S.C § 1915(e)(2)(b)(ii) for failing to state a claim on which relief may be granted. (Doc. Nos. 6, 9.) Plaintiff was afforded the opportunity, however, to file a Second Amended Complaint (SAC), which he did on May 10, 2019. (Doc. Nos. 10, 11.)[1] The SAC named the following prison officials as Defendants: John Harmon, "Lieutenant" Cruz,[2] Rachel Henninger, and Chad Rinker. (Id.)

Defendants filed a Motion to Dismiss the Second Amended Complaint ("SAC"). (Doc. No. 24.) In an Opinion and Order dated March 9, 2021, this Court granted the Motion in part and

---

[1]  The Second Amended Complaint did not name NCP as a Defendant. (Doc. No. 12.) Therefore, NCP was dismissed from the case. (Id.)

[2]  The first name of Lieutenant Cruz is not given by the parties. (See Doc. No. 43 n. 2).

1

denied it in part.³ (See Doc. No. 44.)  Plaintiff was given 60 days to file a Third Amended Complaint ("TAC").  (Id.)  Plaintiff did not submit a TAC within the 60 days, so Defendants therefore filed an Answer to the SAC on March 22, 2021. (Doc. No. 45.)  On April 13, 2021, the U.S. Postal Service reported that Plaintiff had refused to accept his copy of the March 9, 2021 Opinion and Order resolving the Motion to Dismiss.  (See Doc. No. 46.)  Next, on May 17, 2021, Defendant John Harmon filed a Motion for Judgment on the Pleadings.  (Doc. No. 47.)  No response to this Motion has been filed by Plaintiff.  For reasons that follow, the Court will dismiss this case.

## II. BACKGROUND

On April 10, 2019, Plaintiff filed a Complaint naming NCP, the "Department of Corrections Administration," and the "Classification Department" as defendants. (See Doc. No. 2.)  In the Complaint, he alleged that NCP violated his First and Eighth Amendment rights and retaliated against him during his confinement at NCP. (See id.)  Plaintiff filed an Amended Complaint on April 24, 2019. (Doc. No. 6.)  This Complaint was dismissed pursuant 28 U.S.C. § 1915(e)(2)(b)(ii), as part of the Court's review for proceedings filed in forma pauperis. (See Doc. No. 9.)  But the Court granted Plaintiff 30 days to file an amended complaint. (See Doc. No. 10 at 1.)

Plaintiff filed a Second Amended Complaint on May 10, 2019, naming as Defendants the following prison officials: John Harmon, Lieutenant Cruz, Rachel Henninger, and Chad Rinker. (See Doc. No. 11 at 3-4.)  Specifically, Plaintiff claimed that Defendants: 1) violated his

---

³ The claims against all Defendants in their official capacity were dismissed. (Doc. No. 43 at 8.) Plaintiff's First Amendment claim, failure-to-protect claim, and failure to provide adequate medical treatment claim were dismissed. These dismissals resolved all claims against "Lieutenant" Cruz, Rachel Henninger, and Chad Rinker. (Id. at 9-16.)  However, a First Amendment retaliation claim against Defendant Harmon was not dismissed. (Id. at 16.)

right to pray, 2) failed to protect him from an inmate's threats, 3) failed to provide him with medical treatment, and 4) retaliated against him for requesting a change in his housing. (Id.)

Subsequently, NCP Defendants filed a Motion to Dismiss the SAC under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (Doc. No. 24.) As noted above, on March 9, 2021, this Court granted the motion in part and denied it in part, dismissing all of Plaintiff's claims except for his First Amendment retaliation claim against Defendant John Harmon. (See Doc. No. 43 at 11.) The Court afforded Plaintiff the opportunity to amend the SAC by filing a TAC within 60 days. (See Doc. No. 44 at 1.) Plaintiff did not file a TAC. On April 13, 2021, the U.S. Postal Service returned Plaintiff's copies of the Opinion and Order dated March 9, 2021 (Doc. Nos. 43, 44), noting that they were "refused." (See Doc. No. 46.)

On May 17, 2021, Defendant Harmon filed a Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Doc. No. 47.) Plaintiff was served via First Class Mail on that same day. (Id.) Again, Plaintiff did not respond to this Motion within 14 days as required by Local Rule 7.1(c) and has not participated in this case since December 7, 2020, when he filed a letter stating that he wanted to proceed with this lawsuit.

### III. STANDARD OF REVIEW

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). In deciding a motion for judgment on the pleadings, a court must consider only those documents contained in the pleadings. See Moco Invs., Inc. v. United States, 362 F. App'x 305, 307 n.4 (3d Cir. 2010) (explaining that the district court's consideration of documents outside the pleadings converted the motion for judgment on the pleadings into a motion for summary judgment).

A motion for judgment on the pleadings is analyzed under the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). See Spruill v. Gillis, 372 F.3d 218, 223 n.2 (3d Cir. 2004) (explaining that "there is no material difference in the applicable legal standards" for Rule 12(b)(6) and Rule 12(c) motions). Like a motion to dismiss, under Rule 12(c), "the trial court must view the facts in the pleadings in the light most favorable to plaintiff and must grant the motion only if the moving party establishes that no material issues of fact remains and that it is entitled to judgment as a matter of law." Shelly v. Johns-Manville Corp., 798 F.2d 93, 97 n.4 (3d Cir. 1986). See also Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008) (quoting Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 290 (3d Cir. 1988)). A motion for judgment on the pleadings will only be granted where "the plaintiffs would not be entitled to relief under any set of facts that could be proved." Green v. Fund Asset Mgmt., L.P., 245 F.3d 214, 220 (3d Cir. 2001).

Further, Eastern District of Pennsylvania Local Rule 7.1(c) states:

> Unless the Court directs otherwise, any party opposing the motion shall serve a brief in opposition together with such answer or other response that may be appropriate, within fourteen (14) days after service of the motion and supporting brief. In absence of timely response, the motion may be granted as uncontested.

Finally, "[a] District Court has the authority to dismiss a suit sua sponte for failure to prosecute by virtue of its inherent powers and pursuant to Federal Rule of Civil Procedure 41(b)." See Sebrell ex rel. Sebrell v. Philadelphia Police Dep't, 159 F. App'x 371, 373 (3d Cir. 2005) (per curiam) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962)). Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action when a plaintiff fails to prosecute the case, fails to comply with the rules of procedure, or fails to comply with a court order. See Fed. R. Civ. P. 41(b). In determining whether to dismiss a case due to a plaintiff's failure to prosecute, the

4

Court considers the six factors set forth in Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863 (3d Cir. 1984) (the "Poulis factors"):

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Nevertheless, no single Poulis factor is dispositive and all six need not be satisfied in order for a court to dismiss a complaint. See Briscoe v. Klaus, et al., 538 F.3d 252, 263 (3d Cir.2008).

### IV.   ANALYSIS

**A. Plaintiff's case will be dismissed because Plaintiff failed to comply with a local rule when he did not file a response to Defendants' Motion for Judgment on the Pleadings.**

Local Rule 7.1(c) required Plaintiff to serve a "brief in opposition together with such answer or other response that may be appropriate, within fourteen (14) days" after service of Defendant Harmon's Motion for Judgment of the Pleadings. Here, Defendant Harmon filed the Motion on May 17, 2021 and Plaintiff was served via first class mail that same day. (Doc. No. 47.) Plaintiff has not filed a brief in opposition to the Motion. It has thus been over five months since Plaintiff received service of the Motion. (Id.) Pursuant to Local Rule 7.1(c), in the absence of a response to the Motion, it is deemed uncontested. Therefore, Defendant Harmon's Motion for Judgment on the Pleadings will be granted and this case will be dismissed for this reason and for the one set forth infra.

### B. Plaintiff's case will also be dismissed because the <u>Poulis</u> factors weigh in favor of dismissal.

The <u>Poulis</u> factors also weigh in favor of dismissing Plaintiff's case. Under Federal Rule of Civil Procedure 41(b), five factors strongly weigh in favor of dismissal. Here, the first <u>Poulis</u> factor, the extent of the party's personal responsibility, weighs in favor of dismissal. A <u>pro se</u> plaintiff is responsible for prosecuting his claims. <u>See Briscoe</u>, 538 F.3d at 258-59 (3d Cir. 2008)(explaining that "a <u>pro se</u> plaintiff is personally responsible for complying with the court's orders" and "it is logical to hold a <u>pro se</u> plaintiff personally responsible for delays in his case because a <u>pro se</u> plaintiff is solely responsible for the progress of his case"); <u>Emerson v. Thiel Coll.</u>, 296 F.3d 184, 191 (3d Cir. 2002)(finding that, when litigant was proceeding <u>pro se</u>, any failure to comply with orders was attributable to him).

Here, Plaintiff has not diligently prosecuted this matter. He has not filed a TAC or responded to Defendant Harmon's Motion for Judgment on the Pleadings. Additionally, Plaintiff refused to accept service of a copy of the Opinion and Order dated March 9, 2021. And he has not participated in this case since filing his December 7, 2020 letter. Thus, Plaintiff is solely responsible for the delays in this litigation. (<u>See</u> Doc. No. 46.)

The second factor, prejudice to the defendants, also weighs in favor of dismissal. Plaintiff has prejudiced remaining Defendant Harmon by failing to diligently prosecute the case. A plaintiff must prosecute his case in a timely manner. Fed.R.Civ.P. 41(b); <u>see Azubuko v. Bell Nat. Org.</u>, 243 Fed. App'x. 728, 729 (3d Cir. 2007). Here, the retaliation claim against Defendant Harmon is being dismissed because, <u>inter alia</u>, Plaintiff has not responded to the Motion for Judgment on the Pleadings.[4] Although the Court has resolved the Motion against Plaintiff pursuant to Eastern

---

[4] Since Plaintiff did not file a TAC when afforded the opportunity to do so, it is evident he has decided to not to pursue any claims against the three dismissed defendants.

District of Pennsylvania Rule 7.1(c), Defendant Harmon is still prejudiced by uncertainties and threat of future litigation that are unavoidable and unjust.  (See Jackson v. Farrell, No. 11-3796, 2012 WL 5503821, at *2 (E.D. Pa. 2012) (Slomsky, J.)(finding that a prisoner's failure to prosecute a claim against his warden prejudiced that warden by subjecting him to unnecessary cost and uncertainty).

The third factor, a history of dilatoriness, also weighs in favor of dismissal.  "Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders."  In Re Avandia Marketing, 319 F.R.D. 480, 485 (E.D. Pa 2017).  Here, the procedural history reflects a pattern of dilatoriness.  On March 9, 2020, this Court granted Plaintiff the opportunity, within 60 days, to file a TAC regarding his dismissed claims.  (Doc. No. 44 at 1.)  However, Plaintiff did not file a TAC.  (See Doc. No. 45.)  Additionally, Plaintiff has not responded to the Motion for Judgment on the Pleadings and has not participated in this case since December 7, 2020, when he filed a letter stating that he wanted to proceed with his lawsuit.[5]  (See Doc. No. 42, 47.)  Most notably, when this Court sent a copy of its Opinion and Order dated March 9, 2021 to Plaintiff's address of record, it was returned as "refused." (Doc. No. 46.)

---

[5]  The letter stated in its entirety:

> Judge Slomsky,
>
> I Scott Michael Dittmar am writing you today to go forward with my lawsuit.  I do not want to dismiss a case in any matter.  I have all documentations and am ready to go forward with the hearing.
>
> Thank you for your time.
>
> Respectfully,
> Scott Dittmar

(Doc. No. 42.)

7

Next, the fourth factor, whether plaintiff's conduct was willful or in bad faith, weighs in favor of dismissal. Conduct that constitutes willfulness involves intentional or self-serving behavior. Adams v. Trustees of New Jersey Brewery Employees' Pension T. Fund, 29 F.3d 863, 876 (3d Cir. 1994). As noted in Adams, an absence of a parties' good faith effort to participate in litigation does not necessarily amount to willfulness or bad faith, but rather "inexcusable negligent behavior." Id. Here, however, Plaintiff intentionally refused service of a copy of the March 9, 2021 Opinion and Order and has not responded to the Motion for Judgment on the Pleadings. Such conduct is willful and is evidence that Plaintiff is abandoning his case.

The fifth factor, the effectiveness of sanctions other than dismissal, weighs in favor of dismissal. Monetary sanctions are often an ineffective alternative sanction when a plaintiff is proceeding pro se and in forma pauperis. Briscoe, 538 F.3d at 263(quoting Emerson, 296 F.3d at 191). In this case, Plaintiff is proceeding pro se and in forma pauperis, which suggests that he cannot afford to pay monetary sanctions. Plaintiff's inability to pay sanctions suggests that they would be ineffective. The proper sanction is dismissal of the case.

Finally, the sixth Poulis factor, the meritoriousness of the claim, is the only factor that weighs against dismissal. Courts evaluate the meritoriousness of a claim using the standard for a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). Huertas v. City of Philadelphia, No. 02–7955, 2005 WL 226149 (E.D.Pa. Jan.26, 2005) aff'd, 139 Fed. App'x 444 (3d Cir.2005). The standard under this Rule is set forth in Ashcroft v. Iqbal, 556 U.S. 662 (2009). After Iqbal, it is clear that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" to defeat a Rule 12(b)(6) motion to dismiss. Id. at 663; see also Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). Instead, "to survive a motion to dismiss, a complaint must contain sufficient

factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ethypharm S.A. France v. Abbott Labs., 707 F.3d 223, n. 14 (3d Cir.2013)(citing Sheridan v. NGK Metals Corp., 609 F.3d 239, n. 27 (3d Cir.2010)).  Specifically, in the Complaint, the plaintiff must "plea[d] factual content that allows the court to draw the reasonable inference that the defendant is liable for misconduct." Id.  And, as noted earlier, this standard applies to a Motion for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c).

Courts, however, examine a pro se plaintiff's Complaint under a less exacting standard than the one they use to scrutinize formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520, (1972).  Therefore, a pro se plaintiff's claim may be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id.  (quoting McDowell v. Delaware State Police, 88 F.3d 188, 189 (3d Cir.1996)).  Here, as the Court previously found, Plaintiff's SAC plausibly alleges that Defendant Harmon retaliated against him in violation of his First Amendment rights.  (Doc. No. 43 at 16- 18.)  Further, the SAC suggests that Plaintiff may be able to prove these facts at trial.  Therefore, the sixth factor weighs against dismissal.

As noted above, not every Poulis factor must weigh in favor of dismissal in order for the Court to dismiss a claim.  However, here, upon balancing, the Poulis factors weigh heavily in favor of dismissing this action because of Plaintiff's failure to participate.

**V.   CONCLUSION**

For the foregoing reasons, the Court will dismiss the case pursuant to Local Rule 7.1(c) and Federal Rule of Civil Procedure 41(b) for failure to participate.  An appropriate Order follows.